Mermelstein v Waspit Group, Inc. (2025 NY Slip Op 50027(U))

[*1]

Mermelstein v Waspit Group, Inc.

2025 NY Slip Op 50027(U)

Decided on January 15, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 15, 2025
Supreme Court, New York County

Fred Mermelstein, PETER S. O'NEILL, STEVEN MAGID, MARY DOWNE, 
 ADAM ZION, HILARY HAYES, HUGH DOWNE, EVAN ROBERTSON, WALTER WILLIAM CLARK as trustee for GOLD FINCH ENTERPRISES, INC. DBP, and RONNIE ELDRIDGE as trustee for THE BRESLIN PROFIT SHARING PLAN, Plaintiffs,

against
Waspit Group, Inc., RICHARD STEGGALL, URBAN FT. INC., URBAN FT (NORTH AMERICA), LLC, URBAN FT (US) LLC, URBAN FT GROUP, INC., and URBAN FT ADVISORY LLC, Defendants.

Index No. 652500/2019

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 94, 95, 96, 97, 98, 99, 100 were read on this motion to/for JUDGMENT — SUMMARY.
This action arises from a series of promissory notes issued by defendant Waspit Group, Inc. (Waspit) to plaintiffs and guaranteed by defendant Richard Steggall. The action in its present form is the result of the consolidation of an action plaintiffs commenced on April 29, 2019 as against Waspit and Steggall (the Waspit action) and an action the same plaintiffs commenced on May 22, 2019 as against Urban FT, Inc. (UFT Inc.), Urban FT (North America), LLC (UFT NA), Urban FT (US) LLC (UFT US), Urban FT Group, Inc. (UFT Group), and Urban FT Advisory LLC (UFT Advisory) (the UFT action).
In motion sequence number 003, plaintiffs seek summary judgment as against Waspit on (1) the $100,000 note held by Ronnie Eldridge as trustee; (2) the $105,333 note held by Mermelstein; (3) the $25,000 note held by Mermelstein; and (4) the $52,677 note held by Adam Zion. Plaintiffs also seek summary judgment as against Steggall on his guaranties pertaining to each of these notes. Defendants Waspit and Steggall oppose the motion. For the following reasons, the motion is denied.
The court refers the parties to the court's decision on motion sequence number 002 for the background in this action.
On October 26, 2020, the court, by Justice Carol R. Edmead, granted in part plaintiffs' motion for summary judgment in lieu of complaint. As relevant here, the court ordered plaintiffs to file a notice of entry of the court's decision within twenty days of the date of entry, that plaintiffs' motion papers were deemed to be the complaint in the plenary action and defendants were directed to answer within thirty days of service upon them of the order with notice of entry, [*2]accompanied by said motion papers.
Although the court entered the decision and order on December 10, 2020 (NYSCEF doc No. 37), plaintiffs failed to file a notice of entry of the decision within twenty days thereafter. Accordingly, defendants did not answer. Nevertheless, plaintiffs filed the instant motion for summary judgment on August 6, 2021.
Plaintiffs finally filed the notice of entry on April 26, 2022, a year and four months after the decision was entered, and eight months after filing the instant motion. Defendants have not filed an answer to date.
It is fundamental that a court may not grant summary judgment prior to joinder of issue (see Rochester v Chiarella, 65 NY2d 92 [1985]; Myung Chun v N. Am. Mtge. Co., 285 AD2d 42 [1st Dept 2001]; CPLR 3212 [a]). "[T]he requirement is strictly adhered to" (Rochester v Chiarella). Where a defendant has not served an answer, issue is not joined and plaintiff is precluded from obtaining summary judgment (see Cremosa Food Co., LLC v Amella, 164 AD3d 1300, 1300 [2d Dept 2018]).
Here, where defendants have not answered, plaintiffs should not have submitted a motion for summary judgment. Justice Edmead ordered that "plaintiffs' motion papers are deemed to be the complaint in the plenary action," but did not state that defendants' opposition papers were to be deemed to be an answer. Instead, Justice Edmead granted defendants thirty days to answer once plaintiffs filed a notice of entry. At the time of the instant motion, however, plaintiffs had not filed said notice of entry, and therefore defendants' obligation to file an answer had not been triggered. Summary judgment is therefore inappropriate at this juncture.
Accordingly, it is
ORDERED that plaintiffs' motion for summary judgment is denied in its entirety; and it is further
ORDERED that defendants shall file an answer to the complaint within thirty days of service upon them of this order with notice of entry.
DATE January 15, 2025
ROBERT R. REED, J.S.C.